CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 S. Pecos Rd., Ste. 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968; Fax: (702) 435-6659

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL MILLER,<br><br>**Plaintiff,**<br><br>vs.<br><br>NIAGARA CREDIT SOLUTIONS, INC., a New York corporation, TAMI-LYN O'HARA, an individual, "MR. KING," an individual, DOES I-V, inclusive and ROE Corporations V-X, inclusive,<br><br>**Defendants.** | CASE NO.:<br><br>**COMPLAINT**<br><br>**EIGHT PERSON JURY DEMANDED** |

**PRELIMINARY STATEMENT**

**I.**

**INTRODUCTION**

**1.**     This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, as amended (hereinafter "FDCPA"), and Nevada Revised Statutes (hereinafter "NRS"), Chapters 598 *et seq.,* and 649 *et seq.*, as amended, and common law torts (hereinafter "State Acts"), all of which prohibit debt collectors from engaging in abusive, deceptive, harassing, unfair, and illegal practices.

**II.**

**JURISDICTION**

**2.**     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, 18 U.S.C. §§ 1964(a), (c), 18 U.S.C. § 1965 *et seq*., and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

*Law Office of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, STE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 435-6659

## III.

## **PARTIES**

**3.** Plaintiff MICHAEL MILLER (hereinafter "Miller"), is a natural person residing in Clark County, Nevada.

**4.** Miller:

(I.) is a "consumer" as defined by 15 U.S.C. § 1692a(3);

(ii.) is a "person" within the meaning of 18 U.S.C. § 1961(3);

(iii.) allegedly owes a (past-due) consumer "debt" as defined by 15 U.S.C. § 1692a(5) and NRS 649.010.

**5.** Defendant NIAGARA CREDIT SOLUTIONS, INC. ("NCS") is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Williamsville, New York, and regularly collect or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**6.** Defendant TAMI-LYN O'HARA ("O'Hara") is Vice-President of Collections for Defendant NCS at all time relevant to this complaint and regularly collect or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**7.** On information and belief, "MR. KING" is a natural person employed by Defendant NCS at all time relevant to this complaint and is a "debt collector" as defined by the 15 U.S.C. § 1692a(6). Plaintiff requests leave of court to insert the true name of "Mr. King" if it is later determined to be different as debt collectors like "Mr. King" usually use desk names or aliases and not their true names.

**8.** Plaintiff is unaware of the true names and legal capacities, whether individual, corporate, associate, or otherwise, of the Defendants DOES I-V and ROE Corporations VI-X, sued herein inclusive, and therefore sues Defendants by such fictitious names.

**9**.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES I-V and ROE Corporations VI-X, are in some way legally responsible and liable for the events referred to herein, and proximately caused the damages alleged herein.

**10.**    Plaintiff prays leave to insert said Defendants' true names and legal capacities when ascertained.

**11.**    At all times material hereto, and in doing the acts and omissions alleged herein, the Defendants and each of them, including DOES I-V and ROE Corporations VI-X, acted individually and/or through their officers, agents, employees, and co-conspirators, including the fictitious Defendants named herein, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other Defendants.

## IV.

## FACTUAL ALLEGATIONS

Plaintiff repeats and realleges and incorporates by reference paragraphs one through eleven above.

**12.**    On or about January 5, 2005, Defendants initiated a campaign of unfair, unreasonable, unlawful, misrepresented, harassing, and abusive debt collection activities directed against Plaintiff in Clark County, Nevada, by engaging in multiple telephone calls and discussions with Plaintiff regarding the collection of an alleged debt with Bank of America.

**13.**    On or about January 5, 2005, Defendants' initial communication with Plaintiff occurred via a telephone call with Plaintiff, wherein Defendant "Mr. King" identified himself as an attorney representing Defendant NCS, demanded that Miller make immediately payment to NCS on the alleged debt of over $14,000.00, threatened to file a lawsuit against Plaintiff for the alleged debt, garnish Plaintiff's bank accounts and place a lien on his home if payment was not received that day.

**14.** During the January 5, 2005 telephone call, Plaintiff disputed that he owed this debt and informed "Mr. King" that this was the first time he was contacted by NCS regarding the alleged debt.

**15.** "Mr. King" informed Plaintiff that a letter from NCS may have been sent to Plaintiff's former address and that even though Plaintiff advised "Mr. King" that the letter was not received, NCS was not required to provide Plaintiff any further information on the debt and NCS would not send Plaintiff any further written correspondence until the debt was paid in full.

**16.** Plaintiff was extremely upset after the conversation with "Mr. King" and was so worried about losing his savings and home, that he immediately applied for a second mortgage on his house to acquire funds to pay the alleged debt.

**17.** During a series of telephone conversations with "Mr. King" and O'Hara, over the next six weeks, Defendants continued harassing Plaintiff, including but not limited to: intentionally interfering with Plaintiff's attempts to have the Bank of America investigate the alleged debt, by insisting that they be paid directly by the lender from the home equity loan Plaintiff initiated as a result of Defendants' harassment, by threatening to file a lawsuit in retaliation for Plaintiff's communication with the Bank of America, garnish bank accounts and put a lien on Plaintiff's house, and accept a post-dated check over the telephone.

## V.

## **FIRST CLAIM FOR RELIEF**

Plaintiff repeats and realleges and incorporates by reference paragraphs one through seventeen above.

**18.** Absent from the January 5, 2005 telephone call from Defendants regarding the alleged Bank of America debt, was any mention of the provisions set out in 15 U.S.C. § 1692g(a), which states in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is

- 4 -

1  contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**19.**  Defendants further violated this section by not sending a letter to Plaintiff, at the correct address, within five (5) days of the January 5, 2005 conversation providing the notices set forth above.

**20.**  Defendants' collection efforts violated 15 U.S.C. §1692d, -e, -f, and -g.

**21.**  As a result of the foregoing acts and omissions of Defendants, Defendants are liable to Plaintiff in the sum of his actual damages, statutory damages, fees and costs.

## VI.

## **SECOND CLAIM FOR RELIEF**

Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-one above.

**22.**  Defendants' violations of the state Acts include, but are not limited to, the following: NRS Chapters 598 *et seq.*, and 649 *et seq.*, by using any device, subterfuge, pretense or deceptive means or representations to collect any debt.

**23.**  All of Defendants' acts as described above were done intentionally and

- 5 -

with malice for the purpose of coercing Plaintiff to pay an alleged, past-due, debt; a debt not owed by Plaintiff.

**24.**   As a result of the above violations of the state Acts, the Defendants are liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, punitive damages, fees and costs.

## VII.
## **DEMAND FOR JURY TRIAL**

**25.**   Please take notice that Plaintiff demands trial by jury in this action.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants, and each of them, as follows:

(a)   For statutory damages pursuant to 15 U.S.C. § 1692k(a);

(b)   For actual damages in an amount to. be determined;

(c)   For exemplary damages;

(d)   For reasonable attorney fees for all services performed by counsel in connection with the prosecution of this claim;

(e)   For reimbursement for all costs and expenses incurred in connection with the prosecution of this claim; and

(f)   For such other and further relief as this Court deems just and proper.

DATED this 4th day of January 2007.

　　　　　　　　　　　　　　　　　　　　　　　　　　　
CRAIG B. FRIEDBERG, ESQ.
4760 S. Pecos Rd., Ste. 103
Las Vegas, Nevada 89121